**UNITED STATES COURT OF INTERNATIONAL TRADE**

| | | |
|---|---|---|
| SOC TRANG SEAFOOD JOINT STOCK. COMPANY (STAPIMEX) | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Court No. 26-02435 |
| UNITED STATES, | ) ) ) | |
| Defendant. | ) ) | |

**AMENDED COMPLAINT**

Plaintiff, Soc Trang Seafood Joint Stock Company, ("STAPIMEX") through its attorneys, International Trade Law Counselors, PLLC, alleges and states as follows:

**ADMINISTRATIVE DECISION TO BE REVIEWED**

1. This Complaint is brought by Plaintiff to contest certain aspects of the antidumping administrative reivew issued by the International Trade Administration of the United States Department of Commerce ("Commerce") in *Certain Frozen Warmwater Shrimp from the Socialist Republic of Vietnam: Final Results of and Final Rescission of Review, in Part, of Antidumping Duty Administrative Review; 2023-2024, 91* Fed. Reg. 8429 February 23, 2026)*,* and accompanying Issues and Decision Memorandum ("*Final Results*").

2. In the challenged decision, Commerce determined an antidumping duty margin of 25.76 percent.

**JURISDICTION**

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c) and sections

516A(a)(2)(A)(i) and 516A(a)(2)(B)(iii) of the Tariff Act of 1930, as amended, codified as 19 U.S.C. §§ 1516a(a)(2)(A)(i)(I) and 1516a(a)(2)(B)(iii). Plaintiff contests the Department's *Final Results sp*ecifically as applied   to Plaintiff.

## STANDING OF PLAINTIFF

4.  Plaintiff, STAPIMEX, is a Vietnamese producer and exporter of the subject merchandise that was the subject of the underlying administrative reivew. Plaintiff participated in the underlying ITA review as a mandatory respondent.  Plaintiff, therefore, is an "interested party" within the meaning of Section 771(9)(A) of the Act, as amended, 19 U.S C § 1677(9)(A), and has standing pursuant to Section 516A(d) of the Act, as amended, 19 U.S.C § 1516a(d).

## TIMELINESS OF THIS ACTION

5.  The contested *final results* was published in the Federal Register on February 23, 2026. Plaintiff STAPIMEX is filing a Summons concurrently with this Complaint of the *Final Results*.  The action is, therefore, timely filed pursuant to Section 516A(a)(2)(A)(i)(I) of the Tariff Act of 1930, as amended, 19 U.S C. § 1516a(a)(2)(A)(i)(I).

## STATEMENT OF FACTS

6.  The administrative review of frozen warmwater shrimp from Vietnam (shrimp) was initiated April 9, 2024, pursuant to a request by the petitioners.  *See Initiation of Antidumping and Countervailing Duty Review,* 89 Fed. Reg. 24780 (April 9, 2024) (Initiation Notice).   STAPIMEX fully participated in this administrative review as a mandatory respondent.

7.  On June 11, 2025, Commerce published its preliminary results of administrative review. *See Certain Frozen Warmwater Shrimp from the Socialist Republic of Vietnam:*

2

*Preliminary Results, Notice of Intent to Rescind, in Part, and Final Rescission, in Part, of Antidumping Duty Administrative Review; 2023-2024.  (90 Fed. Reg. 24583).*  Commerce determined a rate of 35.29 percent based on responses submitted by STAPIMEX.

8.    On February 23, 2026, Commerce published its final results.  *See Certain Frozen Warmwater Shrimp from the Socialist Republic of Vietnam: Final Results of and Final Rescission of Review, in Part, of Antidumping Duty Administrative Review; 2023-2024, 91* Fed. Reg. 8429, February 23, 2026)*, and accompanying Issues and Decision Memorandum ("*Final Results*").   The rate was 25.76 percent.

## STATEMENT OF THE CLAIMS

Plaintiff challenges the *Final Results* of the administrative review for the following reasons:

## COUNT ONE

9.   Paragraphs 1 through 8 are adopted and incorporated, herein, by reference.

10. Commerce's decision to reject an amended supplemental Section C response, submitted after the preliminary results, was not reasonably determined, an abuse of discretion, arbitrary and capricious, not predicated on substantial evidence on the record, and otherwise not in accordance with law.  *See* Commerce letter to STAPIMEX dated June 25, 2025, (Bar Code 4782848-01) and accompanying memorandum.

## COUNT TWO

11. Paragraphs 1 through 10 are adopted and incorporated, herein, by reference.

12. Commerce's decision to total adverse facts available, as stated in the *Final Results* and accompanying decision memorandum, was not reasonably determined, an abuse of discretion, arbitrary and capricious, not predicated on substantial evidence on the record, and otherwise not in accordance with law.

## **<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiff respectfully requests that this Court:

a) hold that Commerce's *Final Results* were not reasonably determined, an abuse of discretion, arbitrary and capricious, unsupported by substantial evidence, and were otherwise not in accordance with law with respect to the claims advanced by Plaintiff in the Complaint; and

b) remand the *Final Results* to the Commerce Department with instructions to correct the errors set forth in this Complaint.

Respectfully submitted,

_/s/ John J. Kenkel_____
John J. Kenkel
International Trade Law Counselors, PLLC
8647 Richmond Hwy, Suite 623
Alexandria, Va. 22309
Tel. (202) 390-4064
InternationalTradeLawCounselors@outlook.com
*Counsel for Plaintiff*
*Soc Trang Seafood Joint Stock Company*
*(STAPIMEX)*

March 24, 2026