**UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE: THE HONORABLE RICHARD K. EATON, JUDGE**

| | |
|---|---|
| **SOC TRANG SEAFOOD JOINT STOCK COMPANY (STAPIMEX),**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**UNITED STATES,**<br><br>**Defendant,**<br><br>**and**<br><br>**AMERICAN SHRIMP PROCESSORS ASSOCIATION, and AD HOC SHRIMP TRADE ACTION COMMITTEE,**<br><br>**Defendant-Intervenors.** | **Court No. 26-02435** |

**DEFENDANT'S MOTION TO DISMISS AND MOTION TO STAY RULE 56.2 BRIEFING**

Pursuant to Rule 12(b)(l) of the Rules of the United States Court of International Trade (USCIT R.), defendant, the United States, respectfully requests that the Court dismiss the complaint of plaintiff, Soc Trang Seafood Joint Stock Company (STAPIMEX), because all the entries at issue in this case have been liquidated by U.S. Customs and Border Protection (CBP) pursuant to 19 U.S.C. § 1500. The United States further respectfully requests that during the pendency of briefing on this motion to dismiss, that this Court stay defendant's deadline to file a response to STAPIMEX's Rule 56.2 motion and all subsequent deadlines in this Court's June 3, 2026 scheduling order, *see* ECF No. 25, pending this Court's resolution of this motion to dismiss.

**STATEMENT OF FACTS**

On March 23, 2026, STAPIMEX initiated this action to challenge the Department of Commerce's results in the 2023-2024 administrative review of frozen warmwater shrimp from Vietnam by filing a summons and complaint. *See* Compl., ECF No. 1; *see also Certain Frozen Warmwater Shrimp From the Socialist Republic of Vietnam: Final Results of and Final Rescission of Review, in Part, of Antidumping Duty Administrative Review; 2023-2024*, 91 Fed. Reg. 8,429 (Dep't of Commerce Feb. 23, 2026). P.R. 9. STAPIMEX filed an amended complaint on March 24, 2026. ECF No. 7. On April 3, 2026, 39 days after the publication of the final results, Commerce issued liquidation instructions to CBP. P.R. 6, C.R. 2. In those instructions, Commerce notified CBP that a summons was filed in this Court contesting the final results of the underlying administrative review. Commerce further instructed CBP not to liquidate the entries at issue until 95 days after the notice of lifting of suspension of liquidation in order to ensure that entries were not liquidated prior to the expiration of the time within which parties could file a request for a statutory injunction. *Id.*

On May 4, 2026, 70 days after the publication of the final results, counsel for STAPIMEX emailed to counsel for the Government and defendant-intervenors a draft Form 24 for Statutory Injunction Upon Consent and asked for the parties' position on the entry of a statutory injunction. Exhibit A. This draft order stated:

> Accordingly, it is hereby
>
> **ORDERED** that Defendant, United States, together with its delegates, officers, agents, and servants, including employees of U.S. Customs and Border Protection and the U.S. Department of Commerce, is enjoined during the pendency of this litigation, including any appeals, from issuing instructions to liquidate or making or permitting liquidation of any unliquidated entries of Certain Frozen Warmwater Shrimp from the Socialist Republic of Vietnam

(1) That were: produced and exported by Soc Trang Seafood Company (STAPIMEX);

(2) That were the subject of the United States Department of Commerce's final determination in Certain Frozen Warmwater Shrimp from the Socialist Republic of Vietnam Final Results of Antidumping Duty Administrative Review: 2023-2024 91 F.R. 8429 2/23/26;

(3) That were entered, or withdrawn from warehouse, for consumption, during the period February 1, 2023 through January 31, 2024.

and it is further

**ORDERED** that the entries subject to this injunction shall be liquidated in accordance with the final court decision in this action, including all appeals and remand proceedings, as provided in 19 U.S.C. § 1516a(e); and it is further

**ORDERED** that any entries inadvertently liquidated after this order is signed but before this injunction is fully implemented by U.S. Customs and Border Protection shall be promptly returned to unliquidated status and suspended in accordance with this injunction.

Exhibit B.

Counsel for defendant-intervenor, Ad Hoc Shrimp Trade Action Committee (AHSTAC), replied to STAPIMEX's May 4, 2026 email correspondence stating that "Rule 56.2 requires a Form 24 to be filed with the Court 'within 30 days after service of the complaint' . . . {and} the amended complaint was filed on March 24th, more than 30 days ago." Exhibit A. Counsel for AHSTAC further stated to counsel for plaintiff that "a motion for a statutory injunction can be filed 'at such later time, for good cause shown,'" however, plaintiff did not identify in the draft "'good cause' for filing at a later time." *Id*. Undersigned counsel is unaware of any correspondence or documents showing that STAPIMEX took any further action with respect to further conferring with defendants' counsel, filing a motion for a Statutory Injunction, filing a Motion for Leave to File Out of Time a Form 24 Order for Statutory Injunction, or any other efforts to enjoin the liquidation of entries at issue.

On July 3, 2026, 130 days after Commerce published the final results of this administrative review, all of STAPIMEX's entries covered by the 2023-2024 administrative review of certain frozen warmwater shrimp from Vietnam liquidated. *See* Exhibit C.

## ARGUMENT

### I. Legal Standard

It is well established that "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). To adjudicate a case, a court must have subject-matter jurisdiction over the claims presented. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998). It is also well-established that justiciability, including mootness, is a question of subject- matter jurisdiction. *N.C. v. Rice*, 404 U.S. 244, 246 (1971). The mootness doctrine originates from the 'case or controversy' requirement of Article III of the United States Constitution. *De Funis v. Odegaard*, 416 U.S. 312, 316 (1974). The Supreme Court has stated that "a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Cnty of L.A. v. Davis*, 440 U.S. 625, 631 (1979) (citing *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).

"{W}hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). A party seeking to invoke the Court's jurisdiction has the burden of establishing that jurisdiction exists. *Norsk Hydro Can., Inc. v. United States*, 472 F.3d 1347, 1355 (Fed. Cir. 2006); *see also Coal. for Fair Trade in Garlic v. United States*, 312 F. Supp. 3d 1372, 1376 (Ct. Int'l Trade 2018; *Nat'l Nail Corp. v. United States*, 335 F. Supp. 3d 1321, 1325 (Ct. Int'l Trade 2018).

When deciding a motion to dismiss for lack of subject matter jurisdiction, this Court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable

inferences in the plaintiff's favor. *See Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236-37 (1974)) (citations omitted). If the defendant challenges jurisdiction, however, the plaintiff cannot rely upon allegations in the complaint, but must instead bring forth relevant, competent proof to establish jurisdiction by a preponderance of the evidence. *See McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *see also Taylor v. United States,* 303 F.3d 1357, 1359 (Fed. Cir. 2002). Further, where an intervening circumstance bears on the Court's continuing jurisdiction, the Court is not limited to allegations in the complaint and should consider post-filing evidence. *See Acetris Health, LLC v. United States*, 949 F.3d 719, 726 (Fed. Cir. 2020).

## II. This Court Does Not Possess Jurisdiction to Entertain STAPIMEX's Claims Following Liquidation

This Court should dismiss the case for lack of jurisdiction because all of the entries at issue liquidated. "{O}nce liquidation occurs the trial court is powerless to order the assessment of duties at a different rate." *SKF USA, Inc. v. United States*, 512 F.3d 1326, 1328 (Fed. Cir. 2008). In *Zenith Radio Corp. v. United States*, 710 F.2d 806, 810 (Fed. Cir. 1983), the Court of Appeals for the Federal Circuit noted, "the statutory scheme has no provision permitting re-liquidation" and "once liquidation occurs, a subsequent decision by the trial court on the merits . . . can have no effect on the dumping duties assessed on {the subject} entries." As the Federal Circuit further explained, "{e}ssentially, the *Zenith* court concluded that liquidation renders the administrative determination final not only to Commerce and Customs, but also the trial court and this court." *SKF USA*, 512 F.3d at 1329 (citing *Zenith*, 710 F.2d at 810). Thus, an antidumping case becomes "moot once the plaintiffs' entries subject to the administrative review {are} deemed liquidated." *See Ban Me Thuot Honeybee JSC v. United States*, 833 F. Supp. 3d 1377, 1380 (Ct. Int'l Trade 2026) (citing *SKF USA*, 512 F.3d at 1332) (cleaned up);

*see also Ames True Temper v. United States*, 700 F. Supp. 2d 1352, 1357 (Ct. Int'l Trade 2010); *Royal Brush Mfg., Inc. v. United States*, 675 F. Supp. 3d 1282, 1291-92 (Ct. Int'l Trade 2023).

Here, STAPIMEX challenges the calculation of a 25.76 dumping margin in the 2023-2024 administrative review of Certain Frozen Warmwater Shrimp From Vietnam. After it filed its complaint, on July 3, 2026, all of STAPIMEX's entries with that rate were liquidated.[1] This Court has not entered an order enjoining the liquidation of entries nor has STAPIMEX moved to enjoin liquidation. Now that the entries have liquidated, there remains no "live" dispute and STAPIMEX "lack{s} a legally cognizable interest in the outcome" of this litigation. *See Davis*, 440 U.S. at 631; *Zenith*, 710 F.2d at 810. Accordingly, the intervening liquidation has mooted this case, and this Court must dismiss the action.

Moreover, because STAPIMEX seeks to challenge only the rate at which its specific entries were liquidated, rather than challenging or seeking to revoke Commerce's underlying antidumping order, STAPIMEX has failed to allege a live controversy, and any claims have been rendered moot by the liquidation of entries. *Cf. Gerdau Ameristeel Corp. v. United States*, 519 F .3d 1336, 1341 (Fed. Cir. 2008) (holding that plaintiff's claims were not mooted by liquidation because plaintiff's arguments had "implications for revocation of the entire antidumping duty order," which would affect future *unliquidated* entries). STAPIMEX has

[1] Even if CBP had not liquidated STAPIMEX's entries in this matter on July 3, 2026, approximately four and a half months following the publication of the final results, the entries at issue would have been deemed liquidated by operation of law within six months of the date of publication of the final results of this administrative review. *See* 19 U.S.C. § 1504(d); *Koyo Corp. v. United States*, 497 F.3d 1231, 1237 (Fed. Cir. 2007) (finding that the notice of removal of suspension occurred with the publication of Commerce's final results of the administrative review in the Federal Register and that the entries that CBP failed to liquidate within sixth month of the date of such publication were deemed liquidated). August 23, 2026 was the six-month anniversary of the publication of the final results.

identified no revocation or cash deposit issue that forestalled mootness in this case. Therefore, the Court does not possess jurisdiction to entertain STAPIMEX's present suit.

Finally, considering the foregoing, as a practical matter, it would be inefficient for the parties to continue briefing the merits before the Court resolves the threshold question of whether the Court possesses subject matter jurisdiction in light of the liquidation of entries. Therefore, a stay of briefing is warranted pending the Court's resolution of this motion.

## CONCLUSION

For these reasons, we respectfully request that the Court grant our motion to dismiss for lack of jurisdiction. We further respectfully request that the Court stay the Government's deadline to file a response to STAPIMEX's Rule 56.2 motion and all subsequent deadlines in this Court's June 3, 2026 scheduling order, *see* ECF No. 25, pending this Court's resolution of this motion to dismiss.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

FRANKLIN E. WHITE, JR.
Assistant Director

/s/ Brendan David Jordan
BRENDAN DAVID JORDAN
U.S. Department of Justice
Commercial Litigation Branch
Civil Division
P.O. Box 480
Ben Franklin Station
Washington, DC 20530
(202) 616-0342
brendan.d.jordan@usdoj.gov

OF COUNSEL:
Joshua Paul Angelo
Office of Chief Counsel for Trade
Enforcement & Compliance
U.S. Department of Commerce
1401 Constitution Avenue N.W.
Washington, D.C. 20230
joshua.angelo@trade.gov

*Counsel for Defendant*

October 22, 2026

**UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE: THE HONORABLE RICHARD K. EATON, JUDGE**

| | |
|---|---|
| **SOC TRANG SEAFOOD JOINT STOCK COMPANY (STAPIMEX),** | |
| **Plaintiffs,** | |
| **v.** | |
| **UNITED STATES,** | **Court No. 26-02435** |
| **Defendant,** | |
| **and** | |
| **AMERICAN SHRIMP PROCESSORS ASSOCIATION, and AD HOC SHRIMP TRADE ACTION COMMITTEE,** | |
| **Defendant-Intervenors.** | |

**ORDER**

Upon consideration of the United States' motion to dismiss and pursuant to USCIT R. 12(b)(1), it is hereby:

**ORDERED** that the United States' motion is granted; and it is further:

**ORDERED** that this action is dismissed.

**SO ORDERED.**

______________________________
Richard K. Eaton, Judge

Dated: ____________________, 2026
New York, NY

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this brief complies with the word limitation of set forth in the Court's Court of International Trade Standard Chambers Procedures § 2(B)(1) and contains 1,924 words, excluding the parts of the brief exempted from the word limitation. In preparing this certificate of compliance, I have relied upon the word count function of the word processing system used to prepare the brief.

/s/ Brendan D. Jordan